**FA'ALUA HARRIS, Petitioner**

**v.**

## COMMISSIONER OF THE AMERICAN SAMOA GOVERNMENT WORKMEN'S COMPENSATION COMMISSION, Respondents

### VCS SAMOA PACKING COMPANY, Real Party in Interest

High Court of American Samoa
Trial Division

CA 45-95

February 26, 1996

Before KRUSE, Chief Justice, BETHAM, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel:      For Petitioner, Marshall Ashley, Esq.
For Respondents, Henry W. Kappel, Assistant Attorney General, William Kabeisman, Assistant Attorney General
For Real Party in Interest, Roy J.D. Hall, Jr., Esq.

Order Denying Motion for Reconsideration:

# I. INTRODUCTION

VCS Samoa Packing Co. ("Samoa Packing"), the real party in interest in this workermen's compensation case, has moved for reconsideration of our earlier review of the decision of the Workmen's Compensation Commission ("WCC"). Samoa Packing claims that we erred by improperly applying the presumption of A.S.C.A. § 32.0642(1), that we failed to review the record in light of the WCC's ultimate decision, and that we gave the improper remedy. For the reasons listed below, we deny the motion.

# II. DISCUSSION

## A. Application of the Presumption

Samoa Packing claims, first, that we misapplied the presumption contained in A.S.C.A. § 32.0642(1). Whatever arguments Samoa Packing would like to make about the correct application of presumptions in general, it cannot dispute that this court has repeatedly held with regard to this particular presumption that "[o]nce a claimant has shown the existence of an illness and an employment relationship, a presumption arises that the claim lies within the coverage of the workmen's compensation laws. The presumption operates to shift to the employer the burden of proving by substantial evidence that the injury was not caused by the employment." *Star-Kist Samoa, Inc. v. Workmen's Compensation Commission,* 7 A.S.R.2d 149, 151 (Trial Div. 1988) (citations omitted). We examined the evidence and found that not only was there a lack of substantial evidence to overcome the presumption, but that much of the evidence, including the *WCC's own findings of fact,* was in direct conflict with its conclusions.

In the present case, the WCC made findings of fact which directly supported the presumption: it found that Harris' illness arose during her employment, *see* Findings Fact, Concls. & Order, WCC No. 29-91, at 2, 4 (Workmen's Compensation Comm'n Mar. 24, 1995) [hereinafter Findings], that the floor where Harris worked was always wet, *see id.* at 3, and that her shoes were sometimes wet from fish juices and water, *see id.* at 3. Where there was equivocal evidence in the record, the WCC explicitly credited the evidence in Harris' favor. *See* Order on Petition for Review at 5-7 [hereinafter Order].

The other considerations which Samoa Packing presented in its Motion for Review were either irrelevant or had no basis in evidence whatsoever. For instance, the fact that Harris stated her reason for resigning was "to

185

take care of her sick husband," has no bearing on when she contracted her illness. *See id.* at 4. As another example, Samoa Packing's contention that Harris should have developed a rash on her hands has no support in the record, either factual or by expert testimony. *See id.* at 7.

■    Despite the findings of the WCC--all working to *support* the presumption, not overcome it--it concluded that the presumption had been rebutted and that Harris' illness did not fall under the coverage of the workmen's compensation laws. Where the findings of fact are substantially supported by the record, and where those facts directly support the presumption, a conclusion that the presumption has been overcome is plain error. Despite our earlier holding about the effect of the presumption in *Star-Kist*, all of Samoa Packing's arguments about the proper application of the presumption in this case are all for naught, because the WCC's findings of fact support the presumption instead of contradicting it.

**B. Review of The Record**

Samoa Packing next contends that we erred by considering only the findings of the WCC, rather than the entire record. This was not the case, however. We can only overturn a finding of fact by the WCC if we find that it was not supported by substantial evidence in the record. *Star-Kist*, 7 A.S.R.2d at 151; *Continental Insurance Co. v. Workmen's Compensation Commission*, 7 A.S.R.2d 105, 107 (Trial Div. 1988). We review those findings of fact based upon the entire record.

As a preliminary matter in conducting our earlier inquiry, we reviewed the WCC's findings of fact, finding that they were all supported by substantial evidence. *See* Order at 4. Where the findings were disputed, we discussed them, *see* Order at 4-7, but in no instance did we find that any of the WCC's findings was not supported by substantial evidence based upon the entirety of the record. Only after reviewing the findings of fact based upon the entire record, did we turn to our discussion of the WCC's conclusions of law as supported by those findings.

In other words, we reviewed the entire record, in the first instance, to see if there was substantial evidence to support the commission's findings. Having found that these findings were supported by the record as a whole, we need not later return to the entire record to now determine if the commission's conclusion is supported, completely ignoring their findings. To do so would be to convert ourselves, as an appellate panel, into finders of fact--a role which is clearly inappropriate. *Cf., e.g., Suapilimai v. Faleafine*, 9 A.S.R.2d 16 (App. Div. 1988).

The WCC's findings were not "meager and ommissive," as Samoa Packing submits. *See* Mem. Supp. Mot. Recons. at 8. On the contrary, they were substantial and complete enough to support a determination of Ms. Harris claim--unfortunately, the conclusion they support was not the conclusion reached by the WCC. This is clear error, and we reversed the WCC based upon this.

### C. Improper Remedy

Finally, Samoa Packing contends that we applied the improper remedy. Having found the WCC's findings of fact supported, but not its conclusions of law, Samoa Packing contends that we should remand the case to allow the WCC to supplement (or change) its findings. In our view, this is not the way the law works.

■ Conclusions of law must follow from the facts which are developed at trial or before a commission. To allow the finder of fact to sculpt facts which fit its ultimate legal conclusion is to allow the commission to pre-judge its cases. It is for this very reason that appellate courts review findings of fact for clear error but conclusions of law *de novo*. *See, e.g., Anderson v. Vaivao*, 21 A.S.R.2d 95 (App. Div. 1992). The WCC made all the findings of fact that were necessary to reach the proper legal conclusion and nothing can be gained by remand.

## III. CONCLUSION

The Motion for Reconsideration must be denied.

It is so ordered.